IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VERTEX PHARMACEUTICALS INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| SUN PHARMACEUTICAL INDUSTRIES LIMITED, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiff Vertex Pharmaceuticals Incorporated ("Vertex"), by its undersigned attorneys, for its Complaint against Defendant Sun Pharmaceutical Industries Limited ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, arising from Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 214027 to the United States Food and Drug Administration ("FDA"), seeking approval to market a generic version of Vertex's KALYDECO® (ivacaftor) tablets prior to the expiration of patents that cover, *inter alia*, KALYDECO® and its use.

2.      In ANDA No. 214027, Defendant seeks approval to commercially market a generic version of Vertex's KALYDECO® tablets prior to the expiration of United States Patent Nos. 10,646,481 (the "'481 patent") and 11,564,916 (the "'916 patent"), which are owned by Vertex.

3.      On July 24, 2020, Vertex brought an action against Defendant for infringement of the '481 patent (C.A. No. 1:20-cv-988-RGA-CJB).

**THE PARTIES**

4.    Plaintiff Vertex is a corporation organized and existing under the laws of Massachusetts with its principal place of business at 50 Northern Avenue, Boston, MA 02210.  Vertex is a biopharmaceutical company committed to improving the lives of patients worldwide.  Vertex focuses on the pursuit of medical research to create transformative medicines for people with serious and life-threatening diseases, such as cystic fibrosis.

5.    Upon information and belief, Defendant is a company organized and existing under the laws of India, with its principal place of business at Sun House, Plot No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai, Maharashtra, India 400 063.  Upon information and belief, Defendant is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the United States market, alone and/or through its wholly owned subsidiaries and agents.

**THE PATENT-IN-SUIT**

6.    On May 12, 2020, the United States Patent and Trademark Office duly and legally issued the '916 patent, entitled "Pharmaceutical Composition and Administrations Thereof," to Vertex as assignee.  A copy of the '916 patent is attached to this Complaint as Exhibit A.

7.    Vertex is the lawful owner of and holds all right, title, and interest in the patent-in-suit.

**KALYDECO®**

8.    Vertex holds approved New Drug Application ("NDA") No. 203188 ("Vertex's NDA") for the use of ivacaftor 150 mg tablets ("Vertex's NDA Product") for the treatment of cystic fibrosis ("CF") in patients aged six and older who have one mutation in the cystic fibrosis transmembrane conductance regulator ("CFTR") gene that is responsive to

ivacaftor based on clinical and/or *in vitro* assay data.  Vertex sells the ivacaftor tablets under the trade name KALYDECO®.

9.      Pursuant to 21 U.S.C. § 355(c)(2), and attendant FDA regulations, the '916 patent is listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Vertex's NDA.

## DEFENDANT'S ANDA

10.      Upon information and belief, Defendant submitted Abbreviated New Drug Application ("ANDA") No. 214027 ("Defendant's ANDA") to the FDA, pursuant to 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, sale, offer for sale, and/or importation of 150 mg ivacaftor tablets ("Defendant's ANDA Product"), which are based on Vertex's NDA Product, before the expiration of the '481 and '916 patents.

11.      Upon information and belief, Defendant's ANDA refers to and relies upon Vertex's NDA and contains data that, according to Defendant, demonstrates the bioequivalence of Defendant's ANDA Product to Vertex's NDA Product.

12.      By letter to Vertex dated June 10, 2020 ("Defendant's June 10, 2020 Paragraph IV Notice Letter"), Defendant stated that Defendant's ANDA contained a certification, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the '481 patent is invalid, unenforceable, or will not be infringed by the commercial manufacture, use, sale, offer for sale, or importation of Defendant's ANDA Product (the "June 10, 2020 Paragraph IV Certification").  Defendant attached a memorandum to its June 10, 2020 letter, in which it purported to allege the factual and legal bases for its June 10, 2020 Paragraph IV Certification.

13.      By letter to Vertex dated June 2, 2023 ("Defendant's June 2, 2023 Paragraph IV Notice Letter"), Defendant stated that Defendant's ANDA contained a certification,

pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), that the '916 patent is invalid, unenforceable, or will not be infringed by the commercial manufacture, use, sale, offer for sale, or importation of Defendant's ANDA Product (the "June 2, 2023 Paragraph IV Certification"). Defendant attached a memorandum to its June 2, 2023 letter, in which it purported to allege the factual and legal bases for its June 2, 2023 Paragraph IV Certification.

14.    Upon information and belief, if the FDA approves Defendant's ANDA, Defendant will manufacture, distribute, import, offer for sale and/or sell Defendant's ANDA Product throughout the United States, including within the State of Delaware.

15.    This action is being filed within 45 days of Vertex's receipt of Defendant's June 2, 2023 Paragraph IV Notice Letter.

## JURISDICTION AND VENUE

16.    This case arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and this Court has jurisdiction over its subject matter under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17.    This Court has personal jurisdiction over Defendant because of Defendant's regular transaction and/or solicitation of business in this State.  Furthermore, by continuously placing its products into the stream of commerce for distribution and consumption in Delaware, and throughout the United States, Defendant has engaged in the regular conduct of business within this judicial district.

18.    In addition, this Court has personal jurisdiction over Defendant by virtue of, *inter alia*, its systematic and continuous contacts with the State of Delaware.  Upon information and belief, Sun Pharmaceutical Industries, Inc., a wholly-owned subsidiary of Defendant, is incorporated in Delaware.

19.    Upon information and belief, Defendant has previously consented to suit in this judicial district and has not challenged personal jurisdiction.  Defendant has further

availed itself of the jurisdiction of this Court by previously asserting counterclaims in this jurisdiction. *See, e.g.*, *Millennium Pharm., Inc. v. Sun Pharm. Indus. Ltd.*, No. 20-289, D.I. 9 (D. Del. May 4, 2020); *Pfizer Inc. v. Sun Pharm. Indus., Ltd.*, No. 19-758, D.I. 11 (D. Del. July 10, 2019); *Salix Pharm., Ltd. et al. v. Sun Pharm. Indus., Ltd.*, No. 19-734, D.I. 15 (D. Del. June 24, 2019).

20.    Venue is proper in this Court under 28 U.S.C. § 1391(c)(3), because Defendant, on information and belief, is not a resident of the United States and may thus be sued in any judicial district.

## CLAIM FOR RELIEF
## INFRINGEMENT OF U.S. PATENT NO. 11,564,916

21.    Vertex hereby realleges and incorporates by reference the allegations of paragraphs 1 to 20 of this Complaint.

22.    Defendant has infringed one or more claims of the '916 patent, pursuant to 35 U.S.C. § 271(e)(2)(A), by submitting to the FDA and maintaining Defendant's ANDA, by which Defendant seeks approval from the FDA to sell, offer to sell, use, and/or engage in the commercial manufacture of Defendant's ANDA Product prior to the expiration of the '916 patent.

23.    Defendant's commercial manufacture, sale, offer for sale, or use of Defendant's ANDA Product within the United States, or importation of Defendant's ANDA Product into the United States, during the term of the '916 patent would infringe, induce the infringement, and/or contribute to the infringement of one or more claims of the '916 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

24.    Upon information and belief, Defendant has acted with full knowledge of the '916 patent and without a reasonable basis for believing that it would not be liable for infringement of the '916 patent.  Notwithstanding this knowledge, Defendant has continued to assert its intent to engage in the commercial manufacture, use, offer for sale, sale,

marketing, distribution and/or importation of Defendant's ANDA Product with its proposed labeling immediately and imminently upon approval of Defendant's ANDA. Upon information and belief, through such activities, Defendant specifically intends infringement of the '916 patent.

25. Upon information and belief, if the FDA approves Defendant's ANDA, Defendant plans and intends to, and will, infringe, actively induce infringement of, and/or contribute to the infringement of the '916 patent, and will do so immediately and imminently upon approval.

26. Upon information and belief, Defendant knows that Defendant's ANDA Product is especially made or adapted for use in infringing the '916 patent, and that Defendant's ANDA Product is not suitable for any substantial non-infringing use. Upon information and belief, Defendant plans and intends to, and will, contribute to infringement of the '916 patent immediately and imminently upon approval of Defendant's ANDA.

27. Vertex will be harmed substantially and irreparably if Defendant is not enjoined from infringing the '916 patent.

28. Vertex has no adequate remedy at law.

29. Vertex is entitled to a permanent injunction against further infringement under 35 U.S.C. § 283.

30. Vertex is entitled to a finding that this case is exceptional and to an award of attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vertex prays for a judgment in its favor and against Defendant and respectfully requests the following relief:

A. A judgment that Defendant has infringed the '916 patent pursuant to 35 U.S.C. § 271(e)(2)(A) by submitting to the FDA and maintaining ANDA No. 214027;

B.     An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of approval of ANDA No. 214027 shall be a date not earlier than the expiration of the '916 patent, or any later expiration of exclusivity to which Vertex is or becomes entitled;

C.     A judgment that the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Defendant's ANDA Product will directly infringe, induce and/or contribute to infringement of the '916 patent;

D.     A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) preliminarily and permanently enjoining Defendant, its officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using, offering to sell, or selling Defendant's ANDA Product within the United States, or importing Defendant's ANDA Product into the United States, prior to the expiration of the '916 patent, or any later expiration of exclusivity to which Vertex is or becomes entitled;

E.     A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining Defendant, its officers, agents, servants, and employees, and those persons acting in privity or concert with them, from manufacturing, using offering to sell, or selling Defendant's ANDA Product within the United States, or importing Defendant's ANDA Product into the United States, before the expiration or the '916 patent, including any extensions;

F.     If Defendant commercially manufactures, uses, offers to sell, or sells Defendant's ANDA Product within the United States, or imports Defendant's ANDA Product into the United States, prior to the expiration of the '916 patent, including any extensions, a judgment awarding damages to Vertex resulting from such infringement, together with interest;

G.     A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Vertex its attorneys' fees incurred in this action;

H.     A judgment awarding Vertex costs and expenses incurred in this action; and

I.       Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiff Vertex Pharmaceuticals Incorporated*

OF COUNSEL:

Dimitrios T. Drivas
Alison Hanstead
Mila Owen
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY  10020
(212) 819-8200

C. Sebastian Zonte
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA  90071
(213) 620-7700

June 16, 2023